Marc Price Wolf (SBN: 254495)
mpricewolf@paulweiss.com
Sophia Poole (*Pro Hac Vice* Pending)
spoole@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendant*
Franklin Jair Lopez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff*,<br><br>  v.<br><br>FRANKLIN JAIR LOPEZ,<br><br>  *Defendant* | ) NO. 26-CR-00088-CRB (LJC)<br>)<br>) **MOTION TO REOPEN DETENTION**<br>)<br>)<br>)  Date: April 16, 2026<br>)  Time: 9:00 a.m.<br>)  Courtroom G, 15th Fl.<br>)<br>)<br>) |

## I.    INTRODUCTION

Defendant Franklin Jair Lopez respectfully moves this Court to reopen the question of detention for the consideration of an alternative suitable housing option—the Treatment, Recovery and Prevention ("TRP") Academy—because it addresses the concerns of the Court and meets the requirements of the Bail Reform Act.  Mr. Lopez comes to the Court having been newly admitted to TRP, a program operated in conjunction with the City and County of San Francisco, which focuses on recovery and reintegration for justice-involved men.  The program would be an ideal fit for Mr. Lopez given its focus on structure, discipline, therapy, and change.

//

//

## II.     LEGAL STANDARD

Under the Bail Reform Act, a detention hearing may be reopened any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(E).  Courts have reopened detention based on new information regarding housing or programming available to defendant.  *See, e.g.*, *United States* v. *Littlebull*, No. 1:24-CR-02081-SAB, 2025 WL 222071, at *2 (E.D. Wash. Jan. 16, 2025) (reopening the question of detention based on the availability of inpatient mental health treatment); *United States* v. *Aziz*, No. 21-CR-118-JLR, 2021 WL 5321994, at *1 (W.D. Wash. Nov. 16, 2021) (reopening the detention hearing for consideration of a new inpatient drug treatment program option available to defendant).

## III.    ARGUMENT

At this Court's hearing on the question of detention on March 10, 2026, the Court indicated that it is "open to considering [an alternative] if there's new information about a secure place for him to live and programming . . . ."  Detention Hearing, March 10, 2026.  In its April 6 Detention Order, the Court reemphasized that if "new information emerges that materially bears on the issue of whether Lopez should be released under the Bail Reform Act, Lopez may seek to reopen the detention hearing."  Case No. 3:26-cr-00088-CRB-3, Dkt. 26 at 12-13.  TRP Academy satisfies all of these conditions.

On April 1, 2026, Mr. Lopez participated in an extensive intake interview with TRP Academy and was accepted for enrollment.  Subsequently, Pretrial Services Officer Allyse Johnson interviewed Cedric Akbar, the Co-founder and Executive Director of the organization Positive Directions Equals Changes, which is the parent organization of TRP Academy, to learn more about the program and assess whether this placement would address the Court's concerns about the public's safety.  After this interview and assessment, Pretrial Services concluded that it supports Mr. Lopez's release to TRP Academy.

TRP Academy is a rigorous and highly structured program open to all justice-involved men, and it "has a recovery orientation, focusing on wellness, coping strategies, prosocial living, and leadership development."  Programs: TRP Academy, POSITIVE DIRECTIONS EQUALS CHANGES, https://www.positivedirectionsequalschange.org/programs-dfg (last visited April 14, 2026).   TRP

Academy aims to instill four pillars in its participants: discipline, structure, accountability, and support. For the first 30 days of participation in the program, participants are not permitted to leave the facility for any reason.  As individuals move through the program, they are slowly granted increased independence in a series of phases, though at no point can individuals leave TRP Academy without express permission in the form of a pass.  Though each phase lasts a minimum of 30 days, advancement is based on meeting certain milestones, rather than merely spending a certain number of days in the program.  TRP Academy is designed as a program where everything is earned through behavior.  If an individual cannot show that he has met the required milestones, he will remain in his phase for as long as it takes for him to complete the requirements.  The minimum stay at TRP Academy is six months, with program completion usually occurring at the two-year mark, however, some participants have stayed up to four years.

Throughout these phases, the experience at TRP Academy is highly structured.  Participants eat breakfast together every day at 7:00 a.m., attend a morning meeting, then divide into phase groups for daily activities including anger management workshops, mindfulness sessions, and Saturday community service work.  Individuals participate in cognitive behavior therapy and dialectical behavior therapy, as well as process and focus groups that combine these methods in larger group settings.  Aside from the groups and classes to which individuals are assigned, TRP Academy requires all participants to complete required chores. All participants must adhere to 11:30 p.m. lights out.  Throughout the week, phase groups meet consistently and the program is peer-led.

There are a number of Spanish-speaking individuals currently enrolled in TRP Academy, and Mr. Lopez would be able to participate in Spanish language programming.  Though Mr. Lopez would not be able to obtain his high school degree in this program, at 18 years old, Mr. Lopez seeks to prioritize getting his life back on track.  Mr. Lopez has expressed his desire to pursue his GED either during participation in TRP Academy, if possible, or after.

Antonio Napoleon, Case Manager at TRP Academy, explained that if any additional stipulations are required by the Court for Mr. Lopez's release to TRP Academy, including restricted cellphone use, TRP Academy can implement these restrictions and has done so before.  A phone restriction, along with the constant supervision and structure TRP Academy offers, would ensure that Mr. Lopez no longer affiliates with the problematic individuals who were involved in his reaching this point.

It would be productive for Mr. Lopez to participate in this opportunity to develop the essential skills on which TRP Academy focuses. As the Court emphasized at the March 10 detention hearing, Mr. Lopez would benefit from increased structure. Evidence presented by the government at the detention hearing caused the Court concern that Mr. Lopez's current social ties and lack of prosocial activities outside of his schooling did not foster a positive lifestyle. This program addresses those concerns and would connect Mr. Lopez with individuals who are committed to reforming their lives and would provide him with the tools to do the same.

At only 18 years old and no criminal convictions, this is a critical time in Mr. Lopez's life. Having exposure to the kind of prosocial development resources that TRP Academy can offer would allow Mr. Lopez to mature and take the responsibility necessary to shape the rest of his life. TRP Academy would both prevent Mr. Lopez from posing the kind of danger to the community that concerned the Court while also enabling him to develop essential skills in a manner that his current detention does not.

In its Memorandum in Support of Continued Detention, the government asks that the Court continue this hearing until the juvenile court determines whether Mr. Lopez's juvenile records should be released. Though the government contends that the contested records are "expected shortly," it offers no support for that prediction, and delaying Mr. Lopez's detention hearing is not the proper solution in the face of this uncertainty. This is especially true given that this Court previously concluded that Mr. Lopez should be detained without relying on the information contained in his juvenile records, a fact that weighs against any finding of prejudice to the government brought about by proceeding without the records. Finally, if the government later receives juvenile records for Mr. Lopez, it is entitled to move this Court to reopen detention for the consideration of those records. However, the sole fact that the government cannot currently present records it may or may not eventually receive, and which may or may not be relevant, is not a basis for Mr. Lopez's continued detention. If Mr. Lopez meets the statutory release conditions in the Bail Reform Act now, he is entitled to release without delay.

For the abovementioned reasons, Mr. Lopez requests the Court reopen the detention hearing and release him to the custody of the TRP Academy as well as impose any other conditions necessary to ensure the public's safety. Executive Director Cedric Akbar can be available to answer questions or discuss the TRP Academy at any future court hearing.

Dated:  April 15, 2026                    PAUL, WEISS, RIFKIND, WHARTON &
                                          GARRISON LLP


                                          By:  */s/ Marc Price Wolf*
                                              Marc Price Wolf
                                              Sophia Poole

                                          *Attorneys for Defendant Franklin Lopez*