CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215219)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Tel: (415) 436-7204
Fax: (415) 436-7234
daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN JAIR LOPEZ,<br><br>Defendants. | NO. CR 26-00088-CRB<br><br>**UNITED STATES' *EX PARTE* APPLICATION AND [~~PROPOSED~~] ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS AND EXHIBITS** |

## INTRODUCTION

The United States respectfully applies *ex parte* for an order pursuant to Federal Rule of Criminal Procedure 6(e) authorizing the government to provide counsel for defendant Franklin Jair Lopez with copies of the grand jury testimony of one or more witnesses whom the government may call during the upcoming trial in this case. The production is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

## GOVERNMENT'S REQUEST

On March 11, 2026, a grand jury in the Northern District of California returned a superseding indictment charging the defendant (and co-defendant Isaac Kebin Gonzales-Chavac) with one count of 18 U.S.C. §§ 922(a)(1)(A) and 2– Dealing Firearms Without a License; Aiding and Abetting. [ECF 30.]

That case is set for trial on February 22, 2027. [ECF 83.] As part of its discovery obligations, the government seeks to provide to the defense copies of the grand jury transcripts of one or more witnesses who testified before the grand jury and whom the government may call as witnesses at trial. The government also seeks to provide the defense with copies of any exhibits shown to the grand jury in connection with the grand jury testimony of the government's anticipated trial witnesses.

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provide in pertinent part that the Court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Ninth Circuit has observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. *See U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965). The Ninth Circuit has held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21. The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quotations omitted).

In this case, the policy considerations requiring secrecy apply with diminished force. The case has already been indicted and is set for trial. The work of the grand jury that led to the indictment in this case has been completed. And, for part of the testimony there is a compelling need. Disclosing to the

defense the grand jury testimony of witnesses whom the government may call as witnesses at trial (as well as any exhibits shown to the grand jury in connection with those witnesses' grand jury testimony) is in the interest of justice because it will permit the defense to review the material in advance of trial pursuant to 18 U.S.C. § 3500.

**CONCLUSION**

Accordingly, the government moves this Court for an order authorizing the government to provide counsel for defendant Joseph Nubla and defendant Henry Ku *pro per* with copies of the grand jury testimony of the witnesses whom the government may call as witnesses at trial, as well as any exhibits shown to the grand jury in connection with those witnesses' grand jury testimony.

DATED: October 4, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
DANIEL N. KASSABIAN
Assistant United States Attorney

**ORDER**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) and for the reasons stated in the above application,

IT IS HEREBY ORDERED that the United States may supply counsel for defendant Franklin Jair Lopez in the above-captioned case with copies of the grand jury testimony of any witnesses the government may call as witnesses at trial.

IT IS FURTHER ORDERED that the government may also provide the defense with any exhibits shown to the grand jury in connection with those witnesses' grand jury testimony.

IT IS SO ORDERED.

DATED: October 5, 2026

HON. CHARLES R. BREYER
Senior United States District Judge